```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

PAUL GORDON AZZARA,           )
          Plaintiff,          )
                              )
     v.                       )  C.A. No. 04-40220-NMG
                              )
DAVID WINN, et al.,           )
          Defendants.         )
```

MEMORANDUM AND ORDER

For the reasons set forth below, this action shall be dismissed.

On December 14, 2004 a Memorandum and Order (#4) issued directing the Plaintiff to file a new Application to proceed *in forma pauperis* accompanied by a certified copy of his prison account statement if he wished to proceed with this action, or in the alternative, to pay the $150.00 filing fee. He was further directed to demonstrate good cause why this action should not be dismissed for the reasons stated therein.

On December 16, 2004 Plaintiff sent a letter to this Court regarding the status of this case (#5), and on December 27, 2004 Plaintiff sent a response (#6) to the December 14th Memorandum and Order, stating that he did not agree with the representations made by FMC Devens counsel that he voluntarily remains in protective custody, and advising he wishes to pursue his claims.

Subsequently, on January 27, 2005, Plaintiff sent to this

Court a Complaint against staff for intentional sleep deprivation (#7). This document raises new claims regarding Plaintiff's medical care.

To date, Plaintiff has failed to file an Application to Proceed *in forma pauperis* or pay the $150 filing fee for civil actions, and the time period permitted by this Court to do so has expired.

Upon review of Plaintiff's submissions, this Court finds Plaintiff has failed to demonstrate good cause why this action should not be dismissed, and has failed to comply with the Order with respect to the filing fee. More specifically, Plaintiff has not shown he has exhausted administrative remedies, nor has he shown he has a liberty interest in being placed in the general population. Additionally, he has not demonstrated an actual injury with respect to denial of law library access, or that he is entitled to the non-legal materials he seeks. He simply has not shown cause that there has been any due process or Eighth Amendment violations here. He also has failed to set forth clearly any causes of action against Lt. Colon, Dorne Smith, or Warden David Winn.

Accordingly, this action shall be dismissed in its entirety and Plaintiff is directed to the provisions of 28 U.S.C. §1915(g) which provides that a prisoner is ineligible

to proceed *in forma pauperis* in civil actions or appeals if he has had, on three or more occasions, claims dismissed as frivolous, malicious, or for failure to state a claim.  See 28 U.S.C. § 1915(g).

With respect to the January 27, 2005 "Complaint" of the Plaintiff regarding sleep deprivation, this pleading raises new factual and legal allegations and this Court shall not consider this new Complaint as subsumed in this civil action.

The Plaintiff is advised that if he wishes to pursue his claims regarding sleep deprivation in this Court, he must file a separate complaint in accordance with Fed. R. Civ. P. 8(a), and he must either pay the filing fee of $250.00 (the filing fee for civil actions has increased from $150.00 to $250.00 as of February 7, 2005), or he must file an Application to proceed *in forma pauperis* with a certified prison account statement.  See 28 U.S.C. § 1914; §1915(a)(1) (proceedings *in forma pauperis*).

Plaintiff is also advised that, although prisoner litigants may file applications for fee waiver under §1915, they are only excused from having to pay the entire filing fee up-front.  The Court must assess an initial partial filing fee, with periodic installment payments to be made thereafter.

Id. §1915(b)(1).[1]  The Court cannot assess an initial partial filing fee without this information.

Should the Plaintiff elect to file a new civil action in accordance with the above instructions, the action shall be assigned a new docket number and shall be randomly assigned to a District Judge pursuant to Local Rule 40.1.

## CONCLUSION

Based on the foregoing, it is hereby ORDERED:

1. The above captioned matter is DISMISSED for failure to pay the filing fee or submit a completed Application to Proceed Without Prepayment of Fees as directed by this Court's December 14, 2004 Memorandum and Order, and also for failure to show cause why this action should not be dismissed for the reasons stated in the December 14, 2004 Memorandum and Order.

2. The Complaint against staff for sleep deprivation (#7) shall not be considered as part of this civil action. Should Plaintiff wish to pursue those claims, he must file a separate civil action and pay the $250.00 filing fee, or file an Application to Proceed Without Prepayment of Fees, accompanied by his certified prison account statement, and an initial partial filing fee shall be assessed, with further installment payments to be made in accordance with 28 U.S.C. §1915.  Any such Complaint shall be assigned a new docket number and randomly assigned to a District Judge pursuant to Local Rule 40.1.

---

[1] After the assessment of an initial partial filing fee, prisoner litigants are obligated to make monthly payments equaling 20% of the preceding month's income each time the account exceeds $10 until the statutory filing fee is paid in full.  28 U.S.C. §1915(b)(2).

```
Dated at Boston, Massachusetts, this 14th day of February,
2005.


                                    /s/ Nathaniel M. Gorton
                                    NATHANIEL M. GORTON
                                    UNITED STATES DISTRICT JUDGE
```